UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS J FISK,

Plaintiff,

v.

Case No. 26-cv-1412-bhl

FRANK BISIGNANO,

Defendant.

---

**ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

On August 18, 2026, Plaintiff Travis Fisk filed a complaint seeking review of the decision of the Commissioner for Social Security. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) using the Court's local form. (ECF No. 2.) He mistakenly failed to sign the local form and submitted a corrected, signed form the next day. (ECF No. 6.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

In his motion, Fisk states that he is unemployed, has no monthly income, and that his mother provides support for his three sons. (ECF No. 6-1 at 1–2.) He had previously paid $379 per month in rent until June 2026, when he was evicted, and he now resides at a hotel in Milwaukee. (*Id.* at 4.) He has no cash or savings. (*Id.* at 3–4.) He owns a car with an approximate value of $4,500, but no other property of significant value. (*Id.*) Based on Fisks's representations, which include a signed declaration under penalty of perjury, the Court concludes that he would have substantial financial difficulty in paying the filing fee.

This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014,

1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Here, Fisk timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g). (ECF No. 1.) He seeks judicial review of the Commissioner of Social Security's final action dismissing his request for Appeals Council review as untimely, because his appeal was filed only three days after the presumptive deadline and Fisk "reported health-related difficulty, understanding the filing period, withdrawal or abandonment by his former representative, and incorrect deadline information." (*Id.* ¶¶2–3 (citing *Smith v. Berryhill*, 587 U.S. 471 (2019)).) These arguments are not obviously frivolous and appear to state a potential claim. As a result, the Court will grant Fisk's request to waive prepayment of the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 6, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on August 21, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge